# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RIVERPORT INSURANCE COMPANY,

     Plaintiff(s),

v.

STATE FARM FIRE & CASUALTY COMPANY,

     Defendant(s).

Case No.: 2:18-cv-00330-GMN-NJK

**Order**

[Docket No. 21]

Pending before the Court is Plaintiff's motion to compel. Docket No. 21. Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 27, 28. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **GRANTED**.

## I.    BACKGROUND

This is an insurance dispute between insurers litigating coverage for a slip-and-fall in a shopping center parking lot. *See* Compl. (Docket No. 1) at ¶ 6.[1] Plaintiff is the insurer for the shopping center, D&L Development. *Id.* at ¶ 10. Defendant is the insurer for the storeowner, Spirals Hair & Nail Salon, with D&L listed as an additional insured on that policy. *See id.* at ¶ 7. In this case, the parties dispute whether Defendant's policy to Spirals extends to a parking space in front of the store and, as a result, whether Defendant was required to defend and indemnify D&L Development with respect to the underlying personal injury claim. *See, e.g.*, *id.* at ¶ 13.

---

[1] The slip-and-fall claim was settled by Plaintiff on D&L's behalf. *See id.* at ¶ 11.

Now before the Court is the parties' discovery dispute centering on whether Defendant must produce the underwriting file.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III.    TIMELINESS

Defendant's primary argument in resisting the motion to compel is that it is untimely. Docket No. 27 at 4-7.[2] As an outer guidepost, discovery motions should be filed before the deadline to file dispositive motions. *Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). Even a discovery motion filed before that outer date, however, may be deemed untimely if the movant unduly delayed in its filing. *See id.*; *see also Williams v. Las Vegas Metro. Police Dept.*, 2015 WL 3489553, at *2 (D. Nev. June 3, 2015) (identifying factors that may be considered in determining timeliness).

In this case, the motion to compel was filed less than two months after the discovery response was received, roughly one month after completion of the required meet-and-confer

---

[2] Defendant throws this untimeliness stone oblivious to the fact that it is living in a glass house. To wit, Defendant argues that the motion to compel is untimely through a responsive brief that was itself so untimely that the Court previously granted the motion to compel as unopposed. *See* Docket No. 26 (vacating that order through the parties' stipulation in which Defendant acknowledges that it failed to timely oppose the motion).

process, and several weeks before the deadline to file dispositive motions. *See* Docket No. 27 at 4-5. The circumstances of this case fall short of showing a delay sufficient to deny the motion as untimely.[3]

## IV. RELEVANCE

Defendant next argues that the discovery sought is not relevant. *See, e.g.*, Docket No. 27 at 7. The scope of proper discovery is limited to matter relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see also Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

In this case, Defendant argues that the discovery sought is not relevant because it does not believe the policy at issue is ambiguous. *See, e.g.*, Docket No. 27 at 7. Because of the purported lack of ambiguity, Defendant contends that the discovery into the underwriting file to discern evidence of intent is not necessary. *See id.* The Court is not persuaded. Courts have found that underwriting files are discoverable in cases involving breach of contract. *See, e.g.*, *Int'l Game Tech. v. Ill. Nat'l Ins. Co.*, 2017 WL 5505039, at *2 (D. Nev. Nov. 16, 2017) (collecting cases). Moreover, courts do not generally resolve the issue of ambiguity through a motion to compel and will instead allow the discovery to proceed notwithstanding arguments of a lack of ambiguity. *Id.* at *4. Similarly here, the Court finds the underwriting file to be relevant and discoverable.[4]

---

[3] Moreover, Defendant's assertion of prejudice from the timing of the motion, Docket No. 27 at 6, is not persuasive.

[4] Without meaningful discussion, Defendant contends that the discovery is not proportional to the needs of the case. *See, e.g.*, Docket No. 27 at 7. Most obviously, Defendant has not provided a declaration identifying any significant burden in providing the underwriting file. *Cf.* Fed. R. Civ. P. 26(b)(1) (in analyzing proportionality, the Court looks to, *inter alia*, "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Boilerplate assertions of disproportionality are insufficient to show that discovery should be denied. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *3 (D. Nev. Apr. 30, 2018) (citing *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, LP*, 160 F. Supp. 3d 574, 579 n.1 (S.D.N.Y. 2015)).

## V. DUPLICATIVE

Defendant also argues that there is no need to provide the underwriting file because the pertinent issues have already been explored through deposition testimony of D&L's Rule 30(b)(6) witness. *See* Docket No. 27 at 6-11. In particular, Defendant contends that any ambiguity in the policy has been "clarified" through this deposition testimony. *See id.* at 7. While courts may prevent discovery that is "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C)(i), the Court is not persuaded that obtaining this deposition testimony renders it improper for Plaintiff to also obtain the underwriting file.

## VI. CONCLUSION

For the reasons discussed more fully above, the motion to compel is **GRANTED**.[5] The discovery shall be provided by December 20, 2018.

IT IS SO ORDERED.

Dated: December 6, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Plaintiff's undeveloped request for expenses is denied without prejudice to the filing of a proper motion establishing the basis for an award of expenses and the amount of reasonable expenses sought. Any such motion shall be filed by December 20, 2018.